UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHANNON MORRIS** | **CIVIL ACTION NO.  11-1770** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STATE FARM FIRE & CASUALTY INSURANCE CO** | **MAG.  JUDGE JAMES D. KIRK** |

### RULING

This lawsuit arises out of a fire that occurred at Plaintiff Shannon Morris' ("Morris") home on September 14, 2010.  Morris filed suit against Defendant State Farm Fire & Casualty Insurance Co. ("State Farm"), alleging that State Farm arbitrarily and capriciously denied his insurance claim.  He seeks to recover the proceeds of the policy, as well as attorney's fees and penalties under La. Rev. Stat. 22:1892 and 22:1973.

Pending before the Court is State Farm's Motion for Partial Summary Judgment [Doc. No. 52] and supporting memorandum [Doc. No. 53].  State Farm moves the Court to dismiss Morris' claims for attorney's fees and penalties.  Morris has opposed the motion. [Doc. Nos. 56 & 58].  State Farm has filed a Reply to Plaintiff's Opposition to Motion for Partial Summary Judgment ("Reply") [Doc. No. 59].

For the following reasons, State Farm's Motion for Partial Summary Judgment is DENIED.

**I.      Facts**

Morris and his wife built a home at 2431 Century Loop Road, in Eros, Jackson Parish, Louisiana, in 2005.  Morris' wife died in 2008.

Some time following his wife's death in 2008 or 2009, Morris purchased property next to the cemetery where his wife was interred. The property was located at 208 Waldroup Road, approximately 1-2miles[1] and only "minutes" away from his home on Century Loop Road. Morris began residing in a mobile home on the property with boarders, Bill and Denise Bowser.

On September 14, 2010, two fires occurred at Morris' home within hours of each other. The first fire, which was discovered at 7:27 p.m., caused minimal damage and was completely extinguished. The second fire later that night destroyed the home and its contents.

Following the fires, Morris filed a claim with State Farm, which insured the home, for proceeds of policy number 18-A315-954.

On September 17 and 30, 2010, an investigator hired by State Farm, John Newcomer ("Newcomer"), inspected the scene of the fires. On the second inspection, Newcomer was accompanied by Chief Chad Caskey of the Ward 2 Volunteer Fire Department. As part of his investigation, Newcomer interviewed Caskey and Louisiana State Fire Marshal's Office representative, Ric Abbott. Based on the evidence collected, Newcomer concluded that the fires were intentionally set using gasoline as an accelerant.

State Farm received Newcomer's report on October 5, 2010. Some time after receiving that report, State Farm denied Morris' claim, contending that there had been no "occurrence" under the Policy and/or the Policy had been rendered void due to arson and misrepresentation.

On September 13, 2011, Morris filed suit against State Farm in the Second Judicial District Court, Parish of Jackson, State of Louisiana, alleging that he was entitled to the proceeds

---

[1] The property is described alternatively as being 2.5 miles or 1 mile away from Morris' home.

of the policy, plus attorney's fees and penalties.

On October 3, 2011, State Farm removed the case to this Court on the basis of diversity jurisdiction.

On December 5, 2011, Morris was deposed by State Farm's attorney.

On January 3, 2013, State Farm filed the instant Motion for Partial Summary Judgment. On January 24, 2013, Morris filed an Opposition to Motion for Summary Judgment[2] [Doc. No. 56] and a Memorandum in Opposition to Motion for Partial Summary Judgment ("Opposition Memorandum") [Doc. No. 58]. On January 31, 2013, State Farm filed a Reply.

## II.   Law and Analysis

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

---

[2]The Opposition to Motion for Summary Judgment is actually a response, by numbered paragraph, to State Farm's Motion for Summary Judgment, as well as a Statement of Uncontested Facts in Opposition to Defendant's Motion for Partial Summary Judgment.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.    La. Rev. Stat. 22:1892 and 22:1973.**

State Farm moves for summary judgment on Morris' claims for attorney's fees and penalties pursuant to La. Rev. Stat. 22:1892 and 22:1973.

"An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." La. Rev. Stat. 22:1973(A). Both La. Rev. Stat. 22:1892 and 22:1973 provide for penalties against an insurer if its failure to pay a claim after receiving satisfactory proof of loss is arbitrary, capricious, or without probable cause.[3] *Jones v. Johnson*, 45,847 (La. App. 2d Cir.12/15/10), 56 So.3d 1016. Both statutes are penal in nature and must be strictly construed. *Hart v. Allstate Ins. Co.*, 437 So.2d 823 (La. 1983).

Louisiana Revised Statute 22:1892 provides in pertinent part:

---

[3] The statutes prohibit "virtually identical" conduct, but there is a difference between the time periods allowed for payment. *Korbel v. Lexington Ins. Co.*, 308 Fed. App'x 800, 803 (5th Cir. 2009)(quotation omitted). Upon receipt of satisfactory proof of loss, La. Rev. Stat. 22:1892 requires payment within 30 days, but La. Rev. Stat. 22:1973(B)(5) requires payment within 60 days.

4

> Failure to make such payment [of a claim due] within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

*Id.* at (B)(1). Louisiana Revised Statute 22:1973 provides in pertinent part:

> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
> . . .
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
>
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.
>
> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

*Id.* at (B)-(C).

The burden is on the insured to establish: "(i) that the insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious." *Grilleta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (quoting *Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 896 So.2d 230, 233 (La. App. 4th Cir. 2005) (other citation omitted)). When determining whether an insurer acted arbitrarily, capriciously or without probable cause, the courts consider the facts available to the insurer at the time. *Reed v. State Farm Mut. Auto Ins. Co.*, 857 So.2d 1012, 1021, 2003-0107 (La. 10/21/03). An insurer's actions are arbitrary, capricious, or without probable cause when its refusal of a claim is not based on a good faith defense. *Wallace v. State Farm Mut. Auto. Ins. Co.*, 36,099 (La. App.2d Cir.6/14/02), 821 So.2d 704. "The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed*, 857 So.2d at 1021.

Arson provides a good faith defense if the insurer can show by a preponderance of the evidence that the fire was of incendiary origin and that plaintiff was responsible for it. *See Sumrall v. Providence Washington Ins. Co.*, 221 La. 633, 60 So.2d 68 (1952); *Rist v. Commercial Union Ins. Co.*, 376 So.2d 113 (La. 1979). "[M]otive, plus the incendiary nature of the fire, would, in the absence of believable rebuttal evidence, be sufficient to sustain the affirmative defense pleaded by the insurer." *Sumrall*, 60 So.2d at 70.

In its Motion for Partial Summary Judgment, State Farm argues that it did not act abritrarily, capriciously, or without probable cause, but denied Morris' claim because (1) the fires were intentionally set and accelerated; (2) Morris had made misrepresentations regarding his knowledge, activities, and involvement in the events prior to and at the time of the fires; (3)

6

Morris had made misrepresentations and concealed facts regarding his knowledge of events and activity subsequent to the fires; and (4) Morris had motive and opportunity to set the fires.

First, the Court notes that the pending Motion for Partial Summary Judgment does not address the ultimate issue of whether Morris, or someone acting on his behalf, intentionally set fire to his home; that issue is reserved for trial. Even where evidence at trial is insufficient to establish an arson defense, the insurer may still have been justified in asserting that defense when initially denying the claim. *See McClain v. General Agents Ins. Co. of America, Inc.* 438 So.2d 599, 601 (La. App. 2nd Cir. 1983). The Court's review of the pending motion is limited to whether there are genuine issues of material fact that State Farm's denial of Morris' claim was arbitrary, capricious or without probable cause. *See, e.g. Hartenstein v. State Farm Fire and Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397713, at *3 & n. 22 (E.D. La. June 10, 2008) (summary judgment denied when the plaintiff's pre-litigation expert provided insurer with information contradicting the insurer's expert report, creating a fact issue on the reasonableness of the insurer's conduct).

However, the Court finds that State Farm has failed to present sufficient evidence to render summary judgment in its favor at this time. The Court must base its review on the information and evidence available to State Farm **at the time the claim was denied.** Yet, in this case, neither party has informed the Court of that date. Further, State Farm refers to Morris' "sworn statement," but then cites the Court to his deposition testimony, but Morris' deposition was not taken until December 5, 2011, after this lawsuit was initiated. Thus, State Farm could not have considered Morris' testimony about his finances or his opportunity to commit this alleged arson prior to denying his claim.

Excluding the evidence provided after the initiation of this lawsuit, the Court finds that the only undisputed facts before it are Newcomer's expert report concluding that the fires were intentionally set and accelerated and that Morris did not reside in the home at the time of the fires.[4] The facts, standing alone, are insufficient to support summary judgment. Accordingly, State Farm's Motion for Partial Summary Judgment is DENIED.[5]

**III. Conclusion**

For the foregoing reasons, State Farm's Motion for Partial Summary Judgment [Doc. No. 52] is DENIED.

MONROE, LOUISIANA, this 25th day of February, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[4] State Farm may have additional evidence that was available to it prior to the denial of Morris' claim; however, by failing to identify the date the claim was denied and failing to clearly identify the evidence that was available on that date, State Farm has left the Court with no choice but to deny its Motion for Partial Summary Judgment. State Farm may revisit this argument at trial after the presentation of evidence by moving for judgment as a matter law.

[5] Given the Court's conclusion, it need not reach Morris' argument that State Farm acted in bad faith by failing to pay Morris' mortgagee, Chase Mortgage Services, Inc. ("Chase"). However, the Court notes that State Farm correctly points out that its obligation to pay Chase under La. Rev. Stat. 22:1892 and 22:1973 is triggered by receipt of satisfactory proof of loss. If as State Farm asserts, it did not receive satisfactory proof of loss from Chase, then it cannot have acted arbitrarily, capriciously, or without probable cause on this basis.